# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **MARCUS TREMAINE PERRY (#636903)** | **DOCKET NO. 3:17-cv-00683** |
| | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JERRY GOODWIN** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Pro se Petitioner Marcus Tremaine Perry (Doc. #636903) filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 24, 2017. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his conviction and sentence imposed in the Fourth Judicial District Court, Morehouse Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### *Procedural History*

On May 21, 2015, petitioner pled guilty to one count of forcible rape, in violation of La. R.S. 14:42.1 in the Fourth Judicial District Court, Parish of Morehouse, under Criminal Docket number 2014-950. On October 8, 2015, he was sentenced to twenty years at hard labor. Petitioner did not file a direct appeal.

Petitioner filed an application for post-conviction relief on July 25, 2016 [Rec. Doc. 1-3, pp. 81-106], alleging ineffective assistance of counsel during plea negotiations and guilty plea, which was denied on September 12, 2016. [Rec. Doc. 1-3, p. 38]

On October 14, 2016, Petitioner filed a writ application in the Second Circuit Court of

Appeal, bearing Docket Number 51-347-KH [Rec. Doc. 1-3, pp. 41-58], which was denied on December 21, 2016 [Rec Doc. 1-3, p. 59] Petitioner subsequently filed a "Motion for Intent and Return Date," in the Louisiana Supreme Court. [Rec. Doc. 1-3, p. 60] After a "reasonable sufficient time awaiting return date elapsed," petitioner filed a Writ of Certiorari and/or Review Writ in the Louisiana Supreme Court on February 8, 2017 [Rec. Doc. 1-3, pp. 61-77], which the court did not consider because it was untimely [Rec. Doc. 1-6, pp. 79-80].

*Law and Analysis*

### 1. Failure to Exhaust

*Habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts the first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). This jurisprudential mandate has been codified at 28 U.S.C. § 2254(b)(1).[1] Exhaustion entails submitting the factual and legal basis of any claim to the highest available state court for review <u>in a procedurally correct manner</u>. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983) (emphasis supplied)

When a petitioner has raised a claim in a procedural context "in which its merits will not be

---

[1] § 2254 provides, in pertinent part:
(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court **shall** not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State;

2

considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. See *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989).

Petitioner did not "fairly" present his claims to the Louisiana Supreme Court, as that Court did not review his case on the merits. Rather, they denied review on the grounds that his writ application was untimely. Thus, the claims raised herein remain unexhausted because they were not "fairly presented" to the Louisiana Supreme Court.

A ruling from this court at this juncture would preempt the state court from performing its proper function. See *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379(1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").

## 2. *Technical Exhaustion and Procedural Default*

Since petitioner failed to fairly present the substance of his federal claims in a procedurally correct manner to the Louisiana Supreme Court, state court remedies remain unexhausted. It appears, however, that these claims, while unexhausted, may be considered "technically" exhausted since it is unlikely that petitioner could return to the Louisiana courts to re-litigate these claims.

Louisiana Supreme Court Rule X, §5(a) provides a thirty-day period of limitations to seek review of the judgment of the Court of Appeal, and this period is reckoned from the date that the Court of Appeals' judgment was mailed. With respect to petitioner's current habeas claims, the time for seeking review of those claims in the Supreme Court has long ago lapsed. Further, should petitioner attempt to raise any of these claims anew, either in the Fourth Judicial District Court or the Second Circuit Court of Appeals, such claims would be subject to dismissal as repetitive

3

pursuant to La. C.Cr.P. art. 930.4. It is reasonable to conclude that petitioner is unable to litigate his claims in the courts of Louisiana, and that any attempt to litigate these claims would result in dismissal on procedural grounds. Therefore, these claims must now be considered procedurally defaulted. See *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.1993)(cited with approval in *Sones v. Hargett*, 61 F3d 410, 416 (5th Cir. 1995)), ("[I]f it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping- pong' and hold the claim procedurally barred from habeas review").

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. See *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal *habeas*...." *Id.* at 735 n. 1, 111 S.Ct. at 2557 n. 1.

Federal courts may look beyond the procedural default, but only if the *habeas corpus* petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach the merits of the claim will result in a complete miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir.2002), *cert. denied*, 537 U.S. 829, 123 S.Ct. 127, 154 L.Ed.2d 43 (2002). "Cause" in this context means that "some objective factor external to the defense" prevented the petitioner from complying with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed. 397 (1986).

In *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme

4

Court explained that "cause" in the context of a procedural default refers to an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray v. Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645 (internal citations omitted).

In this case, petitioner has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts or as a result of his failure to exhaust. Rather, he argues that the fault lies with the Louisiana Supreme Court for not responding to his "Motion for Intent and Return Date." [Rec. Doc. 1-2, p. 19] Petitioner appears to have confused Uniform Rules of Courts of Appeals 4-2 and 4-3, which provide procedure relative to application for writs filed in the Louisiana Courts of Appeal, with procedural rules pertaining to the Louisiana Supreme Court. As stated above, Louisiana Supreme Court Rule X, §5(a) provides a thirty-day period of limitations to seek review of the judgment of the Court of Appeal. Petitioner's writ application was filed outside of this time frame.

The Court's review of the record does not support a finding that any factor <u>external</u> to the defense prevented petitioner from raising the claims in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State which prevented him from doing so. In addition, neither pro se status nor ignorance of the law is sufficient cause to excuse a procedural default. See *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). Thus, petitioner

5

cannot show "cause" for his default. Further, if a habeas petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. *Id.*

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITH PREJUDICE** because petitioner's claims remain unexhausted and, even if they were exhausted, they would be procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from

service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 21st day of August, 2017.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**